PER CURIAM:
Linda A. Williams filed this action against her former employer, Giant Food Inc., alleging employment discrimination, retaliation, and constructive discharge. The district court dismissed Williams’ initial complaint but granted her leave to file an amended complaint alleging failure-to-promote claims under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et seq.) and 42 U.S.C. § 1981. Following limited discovery, the district court granted summary judgment to Giant Food on the failure-to-promote claims, and Williams appealed. Although we affirmed most of the district court’s rulings, we concluded that with additional discovery Williams “might be able to prove that Giant Food did not make her aware of promotion opportunities for which she would have applied or that discriminatory practices made any application futile;” therefore, we reversed the summary judgment on her § 1981 failure-to-promote claims and remanded this case for further proceedings. Williams v. Giant Food Inc., 370 F.3d 423, 435 (4th Cir.2004).*
*243 On remand, the parties conducted additional discovery, and Giant Food and Royal Ahold then moved for summary judgment. After conducting a summary judgment hearing, the district court granted the motion, concluding:
This is really a case that has not resulted in any proof beyond the fact, quite frankly, that arguably the promotion opportunities were not posted. Allowing that that was in dispute, there are certain other elements that, even had they been posted, even had there been applications filed, the question would still remain was the plaintiff qualified for the positions, was there a legitimate nondiscriminatory reason for not promoting her, was that alleged reason in any way pretextual, and on those last three elements, there’s just no question that the plaintiffs evidence does not make the grade.
J.A. 1044-45.
We review the district court’s grant of summary judgment de novo, viewing the facts and all reasonable inferences drawn therefrom in the light most favorable to Williams. Williams, 370 F.3d at 428. Having conducted such a review, we find that the district court did not err. Accordingly, we affirm substantially on the reasoning of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED.

 As we noted in our previous opinion, although Williams also sued Royal Ahold (as the parent corporation of Giant Food) and two Giant Food officials, Jim Frazetti and Colleen McDaniel, Frazetti and McDaniel are no longer involved in this litigation. 370 F.3d at 427 n. 1.